We are now in session. This is the 1st division of the 1st district appellate court in the case of the people of the state of Illinois versus Martez Smith. I hope I pronounce that correctly. If not, I'm sure I'll be corrected quickly. Number 1 dash 21 dash 0 9 dash 0 9. I am Terry 11 and I'll be presiding today along with my 2 colleagues. Justice really, and justice Michael Hyman. And we will 1st, hear from the appellants. Good afternoon and may it please the court. My name is Meredith Baron from the office of the state appellate defender here today on behalf of my client, Martez Smith. And I'd ask, please to reserve 5 minutes for rebuttal. Thank you. Your honors, there is no question that Martez Smith. Having advanced to the 2nd stage of post conviction proceedings was entitled to the reasonable assistance of his appointed post conviction counsel. That is simply not what he received rather despite having represented for years. And despite having filed a rule 651 C certificate stating that his process filings did not need. Any amendments post conviction counsel introduced orally to brand new constitutional claims for the 1st and only time. During argument at the hearing on the state's motion to dismiss. But those statements alone were insufficient to amend the petition and insufficient for an adequate presentation of those known constitutional issues. More specifically at the hearing, council raised 2 new claims 1st, that trial council was ineffective for failing to proceed with the motion to suppress statements. And 2 that Martez was only 17 years old and did not have a guardian present when he was questioned by the police. Violating his due process rights now, at the heart of both of those claims are statements made by Martez to the police, placing himself at the scene of the offense, which fatally undermined his alibi defense. But how do you identify as your strongest argument? For us to reverse. The strongest argument would be that council had a duty to shape these 2 new claims in the appropriate legal form, and she did not do that. The only thing is where they had only 651 C or 651 C plus something else, 651 C plus cases and the precedent in this court cases that I intend to get into, like Schlosser and Malam and Kirk. Those along with 651 C show that she had a duty when she was raising these brand new claims on his behalf to place them in the appropriate legal form, but she did absolutely nothing to do that. She didn't provide any legal support for these claims. She didn't provide any of the necessary factual support for these claims, and she didn't even bother to amend the written petition to include these claims. Rather, her only attempt to raise these 2 meritorious constitutional issues on his behalf was simply mentioning them during her argument at the hearing on the motion to dismiss. But orally introducing claims is simply not an adequate substitute for the necessary filing of an amended written petition. And to that end, that's where people be Schlosser is instructive in Schlosser. This court found that council rendered unreasonable assistance by failing to amend the pro se petition to include a claim of ineffective assistance of appellate counsel and simply raising that, like here at the motion to dismiss. According to Schlosser counsel's oral statement at the hearing does not sufficiently amend the petition and falls below the level of reasonable assistance required by rule 651 C now, while the specific claims at issue in this case, unlike Schlosser. We're not necessary to overcome a procedural bar. They were nevertheless constitutional issues that council deem meritorious. And as in Schlosser her oral statements alone were insufficient to amend the petition, which prevented the trial court from ever reaching the merits of those claims. And effectively, it placed Marquez in the exact same position. He would have been in at council not attempted to raise those claims at all. And therefore, since council did attempt to raise brand new claims on Marquez's behalf, but fail to make any of the necessary amendments for an adequate presentation of those claims. She fell below reasonable assistance that is required by 651 C, which is not only 651 C, but a finding that this court has previously made in such analogous cases as people be Milan and people be Kirk. And, in fact, actually, in people be Kirk precisely as in this case, a rule 651 C certificate was filed stating that the defendant's petition adequately presented his issues. Yet, counsel raised a new claim of professed merit during the state's motion to dismiss. And even though in Kirk that claim was not necessary to overcome a procedural bar, because even though it was ineffective assistance of appellate counsel, the court found that it pertained to matters outside the record. So, in Kirk, like here, it was not about overcoming a procedural bar. It was simply a new constitutional claim that counsel deem meritorious that was only raised in oral argument. And this court found that that was insufficient and that counsel raised on council rendered unreasonable assistance. Okay, now, just in terms of the duties here. And the burdens, it's your burden, the defendant's burden to overcome the presumption that counsel was reasonable and filing that. 651 C certificate, right? Yes, that's sort of a simple proposition that we can both agree on. Definitely. Okay. Now, as to your argument that trial counsel is ineffective for not proceeding with the most prejudice, which prejudice the petitioner, because the failure to inhibited him from testifying. Is that a claim that defendant raised in his pro se petition, or is this a new 1 made by counsel at arguments or arguments? So, it's a new claim. It was taking the, he did talk about the ideas of the motion to suppress hearing that the heart of the idea of the motion to suppress what's in his. Petition, but he did not raise any claim related to ineffective assistance of counsel for failing to proceed with that motion. That was an entirely new claim. Okay, out of curiosity, does the record in any way show that defendant would have won the motion to suppress the same as. So, there are issues in the record that I, if you look at, I think it was a meritorious claim, but because that's actually part of the reason she was unreasonable. This relies on things outside the record to show whether it would have been a meritorious claim. For example, the due process issue, whether he was 17. There's a whole list of things that would have been necessary for her to raise her factual support his education, his background, whether a concerned adult was present, whether there were anything about his personal. His emotional state, there's a lot of factual support that she should have provided. That's not in the record. So I. Can't say, based on the record alone, whether they would have been meritorious, but I can say that that actually further shows that she was unreasonable. And actually, it's. When you look at the law, it is not relevant, whether it was meritorious because counsel rendered unreasonable assistance. And since she did render unreasonable assistance, we can't say whether it would have been meritorious. Had she actually gone the full step and fully realize a claim that she herself raised. Well, The same issue, just the same issue. Don't we also know that immediately after the court discusses with Smith. And Smith said, yes, that's what I want to do. Immediately after that, his counsel starts his argument by saying, we're going to bring in an alibi witness. Which exactly means that all of it is coming in. So, I mean, I just, I don't understand how, on the one hand, and then the other hand, they don't mesh. Am I missing something there. Because immediately it's all coming in. And the idea was not to bring it in. That's why we made the agreement. Well, the judge specifically said, you know, this is going to come in. If you use an alibi defense, and then the trial attorney, you should know my defense. So I grew up just as Hyman. I didn't understand how, how those. How that timeline even worked. Well, had counsel proceeded with the motion to suppress statements. I mean, that all came in because counsel withdrew the motion to suppress statements and despite having an alibi defense, despite knowing would come in trial counsel still proceeded. And that is where trial counsel was an effective in the way that he that they handle the statements that were introduced. So, this was, if you look at the record, there is a lot there showing that it was ineffective to proceed with an alibi defense, but not proceed with emotion to suppress statements. And while it's still not fully realized in the record, because. Post conviction counsel was unreasonable and didn't fully flesh out these claims. There was that issue there about his ineffectiveness and had those statements been suppressed, that would have been the best path for an alibi defense to go forward. But as even as you correctly said, the court told trial counsel that you can use these statements. The state can use them against your alibi witnesses. And yet counsel did nothing and just continued on. So that's where trial counsel wasn't effective. And while it wasn't. Put that way in March has his post conviction petition. It was a valid claim a meritorious constitutional issue that post conviction counsel noted. But then stopped at the water's edge and didn't fulfill didn't go forward. Just set it at the hearing to dismiss. And that is where we have, despite the certificate. Despite other things in the record, we, this shows alone that she was unreasonable under rule 651 C. Okay, so we know that post conviction counsel is not required to scour the record for issues that are not in the defendants or pro state petition, but. These two issues hit her in the head. She found them. She didn't have to find them. She did. She did not have to go looking for them, but she clearly did find them because she raised them and she raised them. And they are important enough to her to raise an oral argument on these options. So you're saying that it's unreasonable having become aware of these on her own. Not to perfect the presentation of them by amending the pro se petition. Yes, exactly. I mean, it's true that a council doesn't have to scour the record, but this is not a case where the question is whether counsel should have raised new claims. This is a case where counsel did attempt to raise new claims on Martez's behalf. And having done so, she was obligated to place them into the appropriate legal form. But again, she didn't provide any legal support. She didn't marshal any evidentiary support. She didn't amend the petition. And actually, People v. Milan is the case that I cite that does show that while you don't need to scour the record, when you have a claim, once you put a new claim out there that you believe to be meritorious, you then do need to continue forward with that claim in a way that under Rule 651C provides an adequate presentation of the claim. And so here, yes, she didn't have to find these, but they were claims she did try to raise. And having done so, she had to make the necessary amendments for an adequate presentation. But if we if we follow your logic and your line of thinking here, aren't we sort of wouldn't counsel be better off just keeping his or her mouth shut and not adding anything to the defendant's pro se claim? If, you know, you say something orally, that's just going to expose you to professional embarrassment. What's the point of even uttering anything? It's a very interesting question. But I would say that ethically, you can't just sit on a petition, sit on known claims, and then just not put them out there because you don't want to do the work or you're afraid of what might happen in future litigation. I mean, you have an ethical duty to your clients and seeing a claim that you believe to be meritorious and then doing nothing about it defeats the entire purpose of the Post-Conviction Act. It defeats the purpose of appointing post-conviction counsel. Okay, so in your judgment, and it's fine for you to have your own judgment on this, the fact that the post-conviction counsel argued a new constitutional claim at the trial demonstrates that her representation was unreasonable because she didn't follow up on it. Yes. So it's just sort of like half there. Yes, exactly. And not just that she didn't follow up on it, and if you really want to look at what she said in the hearing of the motion to dismiss, she said eight sentences. And two of those eight sentences were these two claims. So this isn't just, it's not just something that she thought about briefly. These are claims that she was actually raising as a large part of her argument of the motion to dismiss. She clearly found them meritorious. She said that these were why a third stage evidentiary hearing was warranted. She presented them. And since she presented them, she had a duty under 651C to put them in the appropriate legal form. And saying these conclusory, unsupported statements didn't do that. It didn't sufficiently amend the petition. Are you saying that any time, well, what do you do when the attorney says something and doesn't follow through like here? Does that mean that every time that happens, that that is something that can be looked at as unreasonable? I mean, how do you draw that line when it is unreasonable? I mean, in situations like this case or like Kirk or like Milam, cases in which an attorney is attempting to truly raise new issues, truly amend the petition, but doesn't do so properly and just says something at the hearing on the motion to dismiss. When it's a new issue attempting to be raised and it's done improperly, that's reasonable assistance. And unreasonable, sorry, I apologize. Unreasonable assistance. Yes, thank you. You can only say unreasonable assistance so many times before your mouth gets tongue-tied. But thank you. So yeah, so because she did that, I believe, and the record shows that it rebutts the presumption that despite having filed the rule 651C certificate, the record rebutts the we cannot simply presume that the trial court would have dismissed the petition had counsel adequately performed her duties. And remand is required regardless of whether the petition had merit. In closing, it is clear from the record that post-conviction counsel attempted to raise new constitutional claims on Martez Smith's behalf. Yet despite having ample time to mention these claims just once at the hearing on the state's motion to dismiss. But since counsel's unsupported and conclusory statements were insufficient to appropriately shape those claims into the appropriate legal form, she provided unreasonable assistance under Rule 651C. Accordingly, this matter should be remanded for further second stage proceedings and the appointment of new counsel who will provide the level of reasonable assistance to which Martez is entitled. Thank you. Okay, let's hear from the state. Good afternoon, your honors. I may please the court. My name is Zachary Slavins and I represent the people of the state of Illinois. The guaranteed assistance of post-conviction counsel is limited. Counsel is not unreasonable simply because she did not go beyond the degree of assistance required by Rule 651C. As such, this court should affirm the second stage dismissal of the post-conviction petition for the following two reasons. First, post-conviction counsel provided the reasonable assistance guaranteed by the Post-Conviction Hearing Act because she complied with all of the requirements of Rule 651C. And two, post-conviction counsel had no obligation to rewrite the petition and add new claims in place of the one that was actually raised by the petitioner. Turning to my first point, as this court is aware, the post-conviction right to counsel is purely statutory. It is not governed by the requirements of Strickland but rather by Illinois Supreme Court Rule 651C. This rule requires... What happened here, a failure to which half of them are the claims we're talking about. And so obviously the 50% of our argument, very key stuff, constitutional stuff. And why doesn't that demonstrate a failure to substantially comply with the duties? Isn't that the issue we have to address? Yes, Your Honor. The issue is not whether or not she substantially complied with Rule 651C. That requires looking at the three things that Rule 651C requires. I'm talking about overcoming the presumption. So to overcome the presumption, they have to show it was a substantially failed to comply with the duties. Why the failure to follow up after the argument? This is an attorney that was not new. I mean, she'd been with him for three and a half years. And this was a year and a half, I believe, down the road when all this happened. So why doesn't that show overcoming of the presumption? Because, Your Honor, there's no obligation for counsel to add new claims. It's not an obligation. They have to substantially comply with the duties. And so they have to do that. They raised a claim. If this procedure means anything, and they have good claims that should be discussed, which is good. I mean, she knew about these claims. The failure to follow up, isn't that a failure to comply with their duties as mandated under the statute? No, Your Honor. And here, it's not clear that she was actually trying to plead new claims. Why isn't it clear? What does it mean when you say something to a court? Eight sentences, four of which are these two claims? Why would she even say that? Your Honor, this is best understood as an inarticulate or an artful argument. Now, who understands it that way? I mean, I don't understand. Well, Your Honor, the inverse question would be who understood this as actually raising a plea? Because if we look at the record, she did not say I'm attempting to add a new claim. The court did not treat these as new claims. The state's attorney did not treat these as new claims. The only time these two issues are mentioned in the record at all are these two sentences to which appellate counsel relies. No one in that courtroom believes she was pleading a new claim. It's not discussed in the oral ruling by the court. It's not discussed in the written ruling by the court. But doesn't that just verify what counsel is saying, that this was a failure on the part of appellate counsel? Doesn't that just make the point? The failure to follow up makes the point that you're raising. No, Your Honor. Why not? Why not? Because it fails to demonstrate that counsel did not meet what she was supposed to do. And as Justin Lavin observed, up until the moment of that oral argument, she had done everything she was supposed to do. Had she kept her mouth shut, so to speak, had offered no argument, there would not even be this argument here. But that's a hypothetical that isn't before us, because she did open her mouth and she had an ethical duty to do so. That's the purpose for appellate counsel at the second stage, isn't it? Don't they have a duty? Don't they have certain ethical duties to raise things? Isn't that why they're hired at the second stage? Your Honor? Yes or no, and then you can answer. Yes, Your Honor. Counsel appointed at the second stage has certain duties. Those duties are defined by Rule 651C, which requires that counsel consult with their client, review the record, and ensure that the claims raised by petitioner are put into the appropriate legal form. And Illinois courts have consistently held that that third requirement is limited to the claims actually raised by petitioner in his pro se post-conviction case. I think the question that my colleagues are getting to here is that, you know, this counsel would have the option to, you know, come up with a reconstruction of what the defendant had initially done pro se had she wanted to, correct? Yes, Your Honor. Okay, so then I guess what we're sort of wondering is when she utters those two sentences that we're talking about here, is that akin to what they always say at the trial, the opening the door to this being a possible next step that is now procedurally entitled to? No, Your Honor. Your Honor, the best way to understand the difference here is to actually look at Rodriguez, which was a case cited by petitioner in his appeal. And Rodriguez involved an attorney who spent months talking about a fitness claim, seeking to have a fitness examination done for their client, spent months and months pursuing this claim, proceeded to argument on it, but never actually added that substantive claim to the petition. So there you had a record that was really unambiguous, that counsel not only was aware of the claim, but had it fully fleshed out, was aware of the facts, the law, the reasoning, the rules and standards applicable to that claim, and actually intended to pursue that claim, but simply did not include it. And we do not have any of that here. We have two sentences, they don't, as opposing counsel acknowledges, they don't reference any facts or law. So to say that these two sentences, evidence and intent or attempt to raise entirely new claims is putting a retrospective spin on a cold record to draw a different conclusion that's not page 22 of their brief doesn't say what you just said Rodriguez says. Unfortunately, I don't have it before me, but I do have their brief. So tell me if you disagree with how they summarize Rodriguez. Counsel failed to provide reasonable assistance where he improperly sought to raise fitness claims through oral argument rather than amending petition. Is that a correct summarization of Rodriguez? It is an incomplete summarization, but it does not misstate the Okay, does that miss a duck? And so I see that Rodriguez then would help her and that's where they would help. And that's why it was cited, right? Your Honor, Martez Smith certainly believes the case helps. But if you look at the facts of Smith, and contrast them with the facts here, that illustrates the difference in counsel's performance. Whereas in Rodriguez, there was no ambiguity or uncertainty about what counsel intended to do and attempted to do. Here, we have nothing but speculation, drawn from two sentences in an inartful argument. And if this court is defined that the performance of a discretionary duty rendered the entirety of post conviction counsel's performance unreasonable, the record should at least be clear counsel intended to do what appellate counsel is claiming she tried to do. Well, wait, if she didn't intend to raise those issues, why would she say them? Your Honor, it's impossible to speculate as to what was precisely what we agree she did say them to the judge. She actually spoke those words. Yes, Your Honor. Yes, Your Honor. She she spoke these words, but it's not clear that she was attempting to plead new claims as opposed to oral motion to amend as opposed to counsel. That's the problem. The problem is she talked about two issues for which she had no amendments. But unlike Rodriguez, we don't have any of the other context that shows there was a clear intent to raise entirely new claims. And that's so I see. So you're distinguishing Rodriguez and saying there, there was a background with regard to the claim, which was made or lean here. Nothing was heard about this claim prior to the oral. So that's where you're differentiating to Okay, so I understand. Okay, so, but it seems, don't we have to also consider one, we have a pro se plaintiff, who is incarcerated, and not drought, not well versed or not versed at all on legal and legal ins and outs. And here they have an attorney, that's the purpose for an attorney at the second stage. And they have the reasonable assistance. And the question is, is this reasonable assistance? The idea here is, is not to unfairly, if they don't get reasonable assistance in the whole system. And and to raise these issues and not follow up. I mean, that's what I think we're all trying to deal with here. Even if it's for the first time. If these issues are raised by Council, add a motion to dismiss, and that's all they do. Why would that be reasonable? This, this individual can't do anything about it. We know that dropping the ball. Your Honor, you're correct that petitioner is entitled to reasonable assistance. And that is precisely why Rule 651 C was written to define what it is that Council must do. Because again, this is a statutory right, it's not governed by Strickland and constitutional standards. And the Illinois Supreme Court has been clear that this is a lower level than the requirement of assistance under Strickland at the trial level. So this may have been an artful, it may have been imperfect. But the question is, did this meet the requirements of Rule 651 C, there's no dispute, she conferred with her client, there's no dispute, she reviewed the record. And in fact, she did file an amendment to the petition to include an omitted affidavit to ensure that there was no procedural bar. So and the question of whether or not she did what she was required to adequately state the requirements. And while she could have amended the petition or included these claims in her motion to amend the petition, she was she was certainly free to do so. But the question is, was she required to do so? And there is no requirement to do so. So her failure... But you say required, right? I want to point that out, because we're talking about reasonable conduct. Required means something else, okay? We're not, she's not required. I think we can agree on that. Okay. But it's rather, it's reasonable. That's a different standard than required, isn't it? In this circumstance, no, Your Honor, because the Illinois Supreme Court has said a counsel has provided the reasonable assistance guaranteed by the Act when they comply with Rule 651 C. Performing the requirements... Well, they haven't said that. They said that they provided a standard under 651 C for a resumption that can be rebutted. And that's what we're talking about. I mean, you keep pulling it back. We're a step in front of that, because we're talking about a rebuttal of that presumption. Aren't we? Yes, Your Honor. It is a rebuttable presumption, but nothing here rebuts that presumption. Because if we're going to affirmatively rebut this presumption, the record needs to be clear, and it's simply not. What we have here is speculation from a handful of sentences at argument that were not treated by the court, by the assistant state's attorney, or indeed even post-conviction counsel as an attempt to plead a new claim. If this was truly an attempt to... It wasn't up to anyone in that courtroom except for counsel. That's who had that responsibility. So we have to look at her and her actions and whether that's reasonable and rebuts it, because whatever else happened in that courtroom, she had a responsibility. And is that enough to rebut it? I mean, I agree that that's the issue before us. Yes, Your Honor. And we take the position it's not. And in fact, to look at what it is counsel actually did, when the oral and written rulings came out and did not reference these claims that counsel contends she was trying to raise, if she really thought she was raising new claims and pleading new claims, there's nothing in the record after the ruling came out saying, hey, there's two claims I raised that are not addressed here. If she truly thought she was raising new claims, these claims would have some sort of reference anywhere else in the record. And then there's another computation, isn't it? You're making an argument the other side is going to make and say, yeah, that's proof of the pudding, right? It's a consistent pattern here of falling down on the job. And that's unreasonable. You look at it one way, they look at it the other way. And so that's what brings you both here. Your Honor, I'm certain that's an argument that counsel will make. But again, looking at what is in the record, what is supported by the record, what's borne out in the record, that's just simply not a reasonable inference to draw. At the end of the day, counsel complied with what she was required to do by Rule 651C. And these handful of statements and oral argument do not demonstrate that counsel failed to meet her obligations to put the claim raised by petitioner into the appropriate legal form. Counsel relies on Schlosser, Kirk, and Millam. All of these cases refer to the failure to amend to add claims that are required to be added to avoid procedural bars. That's the only circumstance where the Illinois Supreme Court has said there is an affirmative duty to go beyond what petitioner claim and add a new thing. There's no obligation in with respect to the claims that are raised here. And for that reason, we respectfully ask this court to affirm the second stage dismissal of the post-conviction petition. Thank you. Okay, let's hear some rebuttal. You're muted. Thank you. I know you'd like to mute us maybe, but... Nope, just myself. But thank you for telling me. The first thing I just want to point out is that Kirk was actually not a case in which the amendment was necessary to overcome a procedural bar. I'm going to quote Kirk. Kirk specifically said, unlike Schlosser, counsel's claim in this case, meaning Kirk, was not necessary to overcome a procedural bar to addressing the specific claims raised because they were based on facts outside the record. So Kirk does further support the notion that you can't just say a claim and have that sufficiently amend the record. And it does not have to be a claim of ineffective assistance of appellate counsel or to overcome a procedural bar for it to be unreasonable assistance of counsel for failure to properly present that claim. I also just wanted to reiterate that there was simply no reason for counsel to mention those two claims at the hearing on the motion to dismiss, if not an attempt to raise those claims. She specifically mentioned those claims when arguing why his case deserved advancing to a third stage evidentiary hearing. There is no reason for her to mention them other than that she was attempting to raise them. The counsel argues she didn't follow up. I mean, maybe that indicates, well, I mean, he says that that indicates that it was not a new argument and it wasn't well presented. And what do you say to that? That is exactly why she was unreasonable. And actually, the idea that the court did not mention those claims in the oral and written rulings is precisely why we can say that she failed to provide reasonable assistance, because what I'm saying here is that she attempted to raise new claims. But as the court ruled in Schlosser, orally arguing new claims does not sufficiently amend the petition. So, yes, she tried to raise these new claims, but she failed. And it was her failure to properly amend the petition, which meant that the court could not entertain the merits of those claims and could not get to the heart of those constitutional claims. And that's why it wasn't mentioned in the motion, in the ruling on the motion to dismiss, whether orally or in the written motion, which went through the claims that were in the petition. And so it's that failure of counsel. It was that unreasonable assistance. That's why the court didn't mention it. And that actually proves that counsel was unreasonable for providing the hint of constitutional claims on Martese's behalf, but then stopping. And exactly as counsel said, not going through these issues, having a record that doesn't fully show all the reasons why these claims were more meritorious as she deemed them to be. And since she merely mentioned them at the hearing on the motion to dismiss, and since she failed to place those two new claims into the appropriate legal form, she provided unreasonable assistance under Rule 651C. And so again, I would ask that you please remand this case for further post-conviction proceedings and the appointment of new counsel. Thank you. Okay, thanks to each of you for your briefs and your argument. As usual, both of your offices have done a terrific job of presenting the issues to us. We're very familiar with everything that we are dealing with. We are adjourned.